IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA CASE

NO: 22-CA-004613

JOSEPH RIVERA,

                                        Plaintiff,

vs.

WALMART STORES EAST, LP, a Foreign
Limited Partnership, and JOHN DOE, individually,

                                        Defendants.
_____/

## 1st AMENED COMPLAINT SERVED WITH INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION

**COMES NOW**, the Plaintiff, JOSEPH RIVERA, by and through undersigned counsel, files this lawsuit against the Defendants, WALMART STORES EAST, LP, and JOHN DOE, and alleges as follows:

    1.      This is an action for damages in excess of $30,000.00.

    2.      At all times material hereto, Plaintiff, JOSEPH RIVERA, is a resident and citizen of Lee County, Florida, is over the age of eighteen (18) years and is otherwise sui juris.

    3.      At all times material hereto, Defendant, WALMART STORES EAST, LP, (referred to herein as "WALMART"), is a Foreign limited partnership, duly authorized to do and doing business in the State of Florida.

    4.      Upon information and belief at all times material hereto, Defendant, JOHN DOE, is a resident and citizen of Lee County, Florida, is over the age of eighteen (18) years and is otherwise sui juris. JOHN DOE's true name and identity is unknown to Plaintiff; however, upon information and belief JOHN DOE's true name and identify is known by and in the possession of

Defendant, WALMART. JOHN DOE's real name and identity will be made known to Plaintiff through discovery and Plaintiff reserves the right to amend the complaint to properly name JOHN DOE as a party to this lawsuit.

5. At all times material hereto, JOHN DOE, was a manager, supervisor, employee, representative, servant, and/or agent of WALMART, and was acting in the course and scope of his employment or agency at the time of the incident described below.

6. At all times material hereto, Defendant, WALMART, owned, controlled, possessed, and maintained the property located at 2523 Lee Boulevard in Lehigh Acres, Lee County, Florida.

7. At all times material hereto, Plaintiff, MARION JUMPER, was rightfully on the premises as a business invitee.

8. At all times material hereto, Defendant, WALMART, delegated its duty owed to the general public to its store managers, supervisors, employees, servants, representatives, and agents, including but not limited to: JOHN DOE.

## COUNT I- NEGLIGENCE AS TO WALMART

Plaintiff realleges and reaffirms counts 1 – 8, above and further alleges:

9. At all times material hereto, the Defendant WALMART, and its managers, supervisors, employees, servants, or agents, had a duty to use reasonable care to protect the general public, including Plaintiff, JOSEPH RIVERA, from dangerous conditions existing on said premises of which they knew, or should have known, including but not limited to one or more of the following:

  (a) Creating and/or permitting a dangerous and unsafe condition, to-wit: allowing a slippery liquid on the self-checkout area;
  (b) Failing to maintain the store self-checkout area in a safe condition;
  (c) Otherwise, owning, maintaining, possessing, or controlling said self-checkout area in a dangerous, hazardous and unsafe condition(s);
  (d) Failing to have proper procedures to identify such dangerous, hazardous and unsafe conditions;
  (e) Failing to inspect the premises for hazardous conditions;
  (f) Failing to adequately warn of said dangerous hazardous and unsafe conditions on the store floor; and
  (g) Other negligent actions or omissions to be determined through discovery.

  10. On or about the March 18, 2021, the Defendant, WALMART, and/or its managers supervisors, employees, representatives, servants, or agents, acting in the course and scope of their employment, were negligent in one or more of the following particulars:

  (a) Creating and/or permitting a dangerous and unsafe condition, to-wit: allowing a slippery fluid on the store self-checkout area;
  (b) Failing to maintain the store self-checkout area in a safe manner;
  (c) Otherwise, owning, maintaining, possessing, or controlling said self-checkout in a dangerous, hazardous and unsafe condition(s);
  (d) Failing to have proper procedures to identify such dangerous, hazardous and unsafe conditions;
  (e) Failing to inspect the premises for hazardous conditions;
  (f) Failure to regularly inspect the premises for hazardous conditions;
  (g) Failing to properly supervise the work of its employees to insure it was performed in a reasonably safe manner;
  (h) Failing to repair a known or foreseeable dangerous condition;
  (i) Failing to adequately warn of said dangerous hazardous and unsafe conditions on the store self-checkout area;
  (j) Failing to take actions to prevent or lessen known an foreseeable dangerous conditions that was regular, reoccurring, and ongoing on the premises;
  (k) Failure to act reasonably careful and prudent under the same or similar circumstances; and
  (l) Other negligent actions or omissions to be determined through discovery.

  11. At all times material hereto, the Defendant WALMART, knew or should have known of the existence of said dangerous, hazardous, or unsafe condition of said self-checkout area because:

  (a) The dangerous condition was created or seen by the Defendant;
  (b) The dangerous condition existed for such length of time that, in exercise of ordinary

(c)     care, the Defendant, WALMART, knew or should have known; or
The condition occurred with regularity and was therefore foreseeable.

12. As a proximate result of the negligence, the Plaintiff, JOSEPH RIVERA, was injured when he slipped and fell on the slippery liquid substance on the store floor left by JOHN DOE.

13. As a direct and proximate result of the aforementioned negligence of Defendant, WALMART, the Plaintiff, JOSEPH RIVERA, was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of his injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that his working ability was impaired and she suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the Defendant, WALMART.

**WHEREFORE**, the Plaintiff, JOSEPH RIVERA, demands judgment against the Defendant, WALMART, herein and a trial by jury of all issues triable in this cause.

### COUNT II – AS TO JOHN DOE

Plaintiff realleges and reaffirms counts 1 – 10 above and further alleges:

14. At all times material hereto, Defendant JOHN DOE, had a duty to use reasonable care to protect the general public, including Plaintiff, JOSEPH RIVERA, from dangerous conditions existing on said premises of which he knew, or should have known, including but not limited to one or more of the following:

(a) To maintain the store floor in the self-checkout area in a reasonably safe condition for its intended uses;
(b) To properly maintain the floor in the self-checkout area in a reasonably safe manner;

(c) To regularly inspect the property for dangerous conditions existing on said premises;
(d) To repair known or foreseeable dangerous conditions;
(e) To have property safety procedures for keeping the floor in the self-checkout area clear around people;
(f) To warn of known hidden or concealed dangerous conditions on the premises and which are unknown to the invitee and cannot be discovered by her through the exercise of due care;
(g) To take actions to prevent or lessen known and foreseeable dangerous conditions that was regular, reoccurring and ongoing on the premises; and
(h) To act reasonably careful and prudent under the same or similar circumstances.

15. On or about the March 18, 2021, the Defendant, JOHN DOE, acting in the course and scope of their employment, was negligent in one or more of the following particulars:

(a) Failed to maintain the self-checkout area in a reasonably safe condition for its intended uses;
(b) Failed to properly maintain the self-checkout area in a reasonably safe manner;
(c) Failed to regularly inspect the property for dangerous conditions existing on said premises;
(d) Failed to repair known or foreseeable dangerous conditions;
(e) Failed to have property safety procedures for keeping the self-checkout area clear around people;
(f) Failed to warn of known hidden or concealed dangerous conditions on the premises and which are unknown to the invitee and cannot be discovered by her through the exercise of due care;
(g) Failed to take actions to prevent or lessen known and foreseeable dangerous conditions that was regular, reoccurring and ongoing on the premises;
(h) Failed to act reasonably careful and prudent under the same or similar circumstances; and
(i) Other negligent acts or omissions to be determined through discovery.

16. At all times material hereto, the Defendant WALMART, knew or should have known of the existence of said dangerous, hazardous, or unsafe condition of said floor area to because:

(a) The dangerous condition was created or seen by the Defendant;
(b) The dangerous condition existed for such length of time that, in exercise of ordinary care, the Defendant, WALMART, knew or should have known; or
(c) The condition occurred with regularity and was therefore foreseeable.

17. As a proximate result of the negligence, the Plaintiff, JOSEPH RIVERA, was injured when he slipped and fell on the slippery liquid on the floor in the self-checkout area.

18. As a direct and proximate result of the aforementioned negligence of Defendant,

JOHN DOE, the Plaintiff, JOSEPH RIVERA, was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of his injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that his working ability was impaired and she suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the Defendant, JOHN DOE.

**WHEREFORE**, the Plaintiff, JOSEPH RIVERA, demands judgment against the Defendant, JOHN DOE, herein and a trial by jury of all issues triable in this cause.

DATED this 15th day of November, 2022.

**LEEDER LAW**
Attorneys for Plaintiff
8551 West Sunrise Blvd., Ste. 202
Plantation, FL 33322
Tel: (954) 734-2382
Pleadings@leederlaw.com

By: *Collins S. DelPercio*
   **THOMAS H. LEEDER, ESQ.**
   FBN: 746401
   **COLLINS S. DELPERCIO ESQ.**
   FBN: 1014971